UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**NATIONAL LABOR RELATIONS BOARD,**
          **Applicant,**

v.                                                                           Case No.: 3:14mc52/MCR/EMT

**DURHAM SCHOOL SERVICES, L.P.,**
          **Respondent.**
_____/

# O R D E R

Pending before the Court is the Chief Magistrate Judge's Report and Recommendation ("R&R") dated October 10, 2014 (doc. 19), recommending enforcement of an administrative investigatory subpoena issued by the National Labor Relations Board ("NLRB") as well as an award of costs and imposition of attorney's fees against Respondent Durham School Services, L.P. ("Durham").  The parties have been furnished a copy of the R&R and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1).  Durham filed objections (doc. 20), arguing that its lack of knowledge of union activity and other factual errors by the Magistrate Judge require the Court to reject the conclusions of the R&R and also that the award of attorney's fees in this administrative subpoena enforcement proceeding is contrary to law.  Having fully considered the R&R and having made a *de novo* determination of Durham's timely filed objections, the Court finds that the R&R should be adopted in part and rejected in part, as follows.

The Court agrees with and adopts in full the R&R's background statement, which explains that the NLRB issued a subpoena duces tecum to Durham for the production of records in relation to its investigation of claims of retaliation after Durham discharged employees Linda Cramer and Christina Marrero.  The Court also agrees with and adopts in full the R&R's discussion pertaining to the enforcement of the administrative subpoenas.

The Court rejects Durham's argument that the Magistrate Judge erred by failing to discuss whether there was evidence demonstrating Durham's knowledge of the alleged union activity of Linda Cramer and Christina Marrero and by relying only on the NLRB's statements that they "openly supported the union."  As the Magistrate Judge correctly noted, the Court's role at this stage is narrow.  The agency need demonstrate only that the evidence sought is "material and relevant to a lawful purpose of the agency" and "'reasonably relevant'" to the charges being investigated; the charges do not have to be proven at this stage.  *EEOC v. Kloster Cruise, Ltd.,* 939 F.2d 920, 922 (11th Cir. 1991) ("The role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency."); *Federal Election Com'n v. Fla. for Kennedy Committee*, 681 F.2d 1281, 1284 (11th Cir. 1982) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)); *see also EEOC v. Royal Caribbean Cruises, Ltd.,* 771 F.3d 757, 761 (11th Cir. 2014) (stating the information requested in an administrative investigative subpoena must be "relevan[t] to the contested issues that must be decided to resolve that charge").  Durham's reliance on *Delchamps, Inc. v. N.L.R.B.*, 585 F.2d 91, 93 (5th Cir. 1978);[1] *Gestamp S. Carolina, L.L.C. v. N.L.R.B.*, 769 F.3d 254, 256 (4th Cir. 2014); and *In Re Tomatek, Inc.*, 333 NLRB 1350, 1350 n.1 (N.L.R.B. 2001), is misplaced because these cases each involved the substantive review of an administrative decision on an unfair labor practices charge; none involved an investigative subpoena enforcement proceeding as is the case here.  Moreover, Durham's argument that there was insufficient evidence of knowledge is an issue bearing on the ultimate merits of the case and is therefore outside the Court's scope of inquiry in this administrative subpoena enforcement action.  The Court finds that the Magistrate Judge appropriately limited the inquiry in this proceeding to whether the information sought was reasonably relevant to the charges being investigated, and the Court agrees that it was.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No.: 3:14mc52/MCR/EMT

Durham also objects to what it characterizes as "critical factual errors" that undermine the Magistrate Judge's conclusion, specifically that it was error to find Bobby Johnson a comparator for both Cramer and Marrero, when his history was only similar to that of Cramer.  Durham also argues that the NLRB will be embarking on a mere "fishing expedition" if permitted to further explore factual issues related to comparators where none of the original non-union comparators identified had histories similar to Marrero or Cramer and additionally that the Magistrate Judge incorrectly found that Durham's position regarding the lack of comparators "became inaccurate when the Board received information relevant to Bobby Johnson."  This objection is more of a dispute with the wording in the R&R than anything substantive, and in any event, the Magistrate Judge simply found that once information regarding Bobby Johnson came to light, showing differential treatment, it was reasonable to inquire further.  The Court agrees and finds the requested additional information reasonably relevant to identifying potential comparators for Cramer and Marrero.[2]

Durham also argues that attorney's fees are not available in this administrative enforcement action and that the Magistrate Judge incorrectly likened this proceeding to a civil discovery dispute when she awarded fees pursuant to Rule 37 of the Federal Rules of Civil Procedure.  The Court agrees.  Although the Federal Rules of Civil Procedure undoubtedly apply to this type of enforcement proceeding, they do so only "to the extent practicable," *see* Fed. R. Civ. P. 81, and Rule 37 simply does not apply, either practically or legally, to an administrative enforcement action.  By its terms, Rule 37 applies to discovery matters in a civil case and provides for an award of attorney's fees in some circumstances if a motion to compel a discovery response is granted.  Fed. R. Civ. P. 37(a)(5).  To be sure, an administrative enforcement action is not a "motion" to compel "discovery" within the meaning of the Federal Rules.  Rather, it is an original action, the resolution of which disposes of the entire action.  *See EEOC v. Deer Valley Unified Sch. Dist.*, 968 F.2d 904, 906 (9th Cir. 1992) (stating, "a subpoena enforcement action is not a

---

[2]  The objection does not challenge the R&R's conclusion that the subpoena is not overly burdensome.

discovery motion" but an original action);[3] *see also Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. ADR Trust Corp.*, 5 F.3d 1508, 1513 (D.C. Cir. 1993) (citing *Deer Valley* and stating an administrative investigation proceeding is "unlike a discovery procedure").[4] The Court further notes that although the NLRA is silent regarding an award of attorney's fees on resolution of the initial enforcement proceeding, the statute expressly authorizes attorney's fees and costs in the event a party fails to obey an order of the district court enforcing compliance. *See* 29 U.S.C. § 161(2). Under general rules of statutory construction, the statute's express reference to an award of attorney's fees in situations of disobedience to a court order together with its omission of any reference to attorney's fees in relation to the enforcement proceeding itself strongly suggest that Congress did not intend to authorize an award of attorney's fees in the original enforcement proceeding. *See generally United States v. Castro*, 837 F.2d 441, 442 & n.2 (11th Cir. 1988) ("A general guide to statutory construction states that the mention of one thing implies the exclusion of another; *expressio unius est exclusio alterius*." (internal marks omitted)).[5] Because Durham has neither violated a discovery rule, nor disobeyed an order of this Court, the undersigned rejects the recommendation to award attorney's fees pursuant to Rule 37 and will modify the R&R accordingly.

Accordingly, it is now **ORDERED** as follows:

1.  The Chief Magistrate Judge's Report and Recommendation is adopted in part and rejected in part as follows: The Court adopts the Report and Recommendation and incorporates it by reference in this Order insofar as it recommends enforcement of the

---

[3] Curiously, *NLRB* v. *Cable Car Advertisers, Inc.,* 319 F.Supp. 2d 991 (N.D. Cal. 2004), a case on which the Magistrate Judge and the NLRB rely, does not mention the Ninth Circuit's *Deer Valley* decision.

[4] Although the Federal Rules provide for attorney's fees as a contempt sanction under Rule 45, this Rule expressly applies only where the subpoena was issued by a court in a pending action, and the Advisory Committee Notes to the Rule expressly state that the Rule "does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority. The enforcement of such subpoenas by the district courts is regulated by appropriate statutes." *See* Fed. R. Civ. P. 45, 1937 Advisory Committee Notes.

[5] In reaching it's decision on the attorney's fees issue, the Court considered all of the district court cases cited and discussed by the Magistrate Judge and the parties.

administrative subpoena but rejects the Report and Recommendation insofar is it recommends an award of attorney's fees, and it is hereby modified consistent with this Order.

      2.      The NLRB's application for enforcement of administrative subpoena duces tecum B-716522 is **GRANTED**.

      3.      Respondent Durham School Services, L.P., is Ordered to respond in full to subpoena duces tecum B-716522 as issued by the Board within **TWENTY-FIVE (25)** calendar days from this Order, and to appear at the Board's offices at National Labor Relations Board, Region 15, 600 S. Maestri Place, 7th Floor, New Orleans, Louisiana, to produce the subpoenaed documents.

      4.      Upon failure by Respondent Durham to comply with this Court's order, the Court reserves the right to impose sanctions for contempt upon motion by the NLRB.

      5.      The NLRB's request for costs is **GRANTED** and the request for attorney's fees is **DENIED**.[6]

**DONE AND ORDERED** this 12th day of January, 2015.

      *s/ M. Casey Rodgers*
      **M. CASEY RODGERS**
      **CHIEF UNITED STATES DISTRICT JUDGE**

---

[6] Durham did not challenge the award of costs.